```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

**v.**                              CRIMINAL NO. 1:00-00204-01

**CHRISTOPHER UMBURGER**


### MEMORANDUM OPINION AND ORDER

In Bluefield, on February 22, 2011, came the defendant, Christopher Umberger, in person and by counsel, Edward H. Weis; came the United States by Miller Bushong, III, Assistant United States Attorney; and came the United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on September 14, 2010. The court also advised the defendant of additional alleged violations added to the petition by way of amendments dated October 4, 2010 and February 18, 2011. The court found that the defendant had received written notice of all the alleged violations as contained in the petition and that the evidence against the defendant had been disclosed. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Defendant admitted at the hearing that

1

he committed the violations alleged in the September 14, 2010 petition as well as the violation alleged in the October 4, 2010 amendment.  The defendant did not contest the violation alleged in the February 18, 2011 amendment.  The Court found that the charges were established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was twenty-one to twenty-seven months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of twenty-four months for a violation of a term of supervised release if the offense that resulted in the term of supervised release was a Class C or D felony.  Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a term of twenty four (24) months.

The court did not reimpose a term of supervised release following the defendant's period of incarceration.  In light of Mr. Umberger's need for medical attention for Hepatitis C, the court recommends that the defendant be incarcerated at FCM Lexington, or another suitable facility, where the defendant's medical needs can be adequately met.  The court leaves to the Bureau of Prisons the determination of whether to allow Mr. Umberger to stay in a halfway house.  Should the Bureau of Prisons determine that the defendant is suitable for stay at a halfway house, the court recommends that Mr. Umburger be housed somewhere outside the Bluefield, West Virginia area.  The court considered all of the factors in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to protect the public, provide an adequate deterrent and reflect the seriousness of defendant's violations.

   The defendant was informed of his right to appeal the court's revocation of his supervised release.  The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

    The defendant was remanded to the custody of the United

States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** this 23rd day of February, 2011.

                ENTER:

                David A. Faber
                Senior United States District Judge